1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

3925 ALAMEDA PROPERTY LLC,                    No. C-12-4924 EMC

        Plaintiff,

  v.                                           **ORDER GRANTING DEFENDANT'S APPLICATION TO PROCEED IN FORMA PAUPERIS; GRANTING PLAINTIFF'S MOTION TO REMAND; AND FINDING MOOT PLAINTIFF'S MOTION TO SHORTEN TIME**

TIMOTHY R. BRAINERD, *et al.*,

        Defendants.

                           **(Docket No. 2, 8, 13, 18)**

_____/

      After obtaining title to the real property at issue following foreclosure, Plaintiff 3925 Alameda Property LLC ("Alameda") initiated this unlawful detainer action against Defendants Timothy and Lucinda Brainerd in state court.  Some three months later, Ms. Brainerd removed the case to federal court.  Currently pending before the Court is Ms. Brainerd's application to proceed in forma pauperis and Alameda's motion to remand.  The Court finds this matter suitable for disposition without oral argument and **VACATES** the hearing set for November 2, 2012.  For the reasons discussed below, the Court hereby **GRANTS** both Ms. Brainerd's application and Alameda's motion.  In light of this ruling, Alameda's motion to shorten time is moot.

## I.  DISCUSSION

A.    Application to Proceed In Forma Pauperis

      When presented with an application to proceed in forma pauperis, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a).  *See*

**United States District Court**
For the Northern District of California

*Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).  Section 1915(a) does not require an applicant to demonstrate absolute destitution.  *See McCone v. Holiday Inn Convention Ctr.*, 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339(1948)).  Having reviewed Ms. Brainerd's financial affidavit, the Court is satisfied that she has demonstrated that she meets the economic eligibility requirement and, accordingly, grants her application to proceed in forma pauperis.

Although the Court grants the application, it has a sua sponte obligation to ensure that it has subject matter jurisdiction over a case.  *See, e.g.*, *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (stating that "[a] district court may remand a case sua sponte for lack of subject matter jurisdiction at any time"); *Maniar v. Federal Deposit Ins. Corp.*, 979 F.2d 782, 784-85 (9th Cir. 1992) (noting that a district court has power to remand a case sua sponte when it lacks subject matter jurisdiction); *Khan v. Bhutto*, No. C-93-4165 MHP, 1993 U.S. Dist. LEXIS 17678, at *1 (N.D. Cal. Dec. 6, 1993) (stating that "[a] court may deny in forma pauperis status under 28 U.S.C. § 1915(d) and dismiss sua sponte a claim . . . over which the court lacks subject matter jurisdiction").  Moreover, in its motion to remand, Alameda argues, *inter alia*, that subject matter jurisdiction is lacking.  For the reasons discussed below, the Court agrees with Alameda that it does not have subject matter jurisdiction over the case, and therefore a remand to the state court is warranted.

B.      Motion to Remand

In her notice of removal, Ms. Brainerd asserts that there is federal question jurisdiction over the case,[1] *see* Not. ¶ 10, but her position lacks merit.  Federal question jurisdiction depends on the contents of the plaintiff's well-pleaded complaint and may not be predicated on the defendant's counterclaims or defenses.  See *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002); *ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality of St. of Mont.*, 213 F.3d 14 1108, 1113 (9th Cir. 2000).  Here, Alameda's well-pleaded complaint asserts a claim based on state law only, *i.e.*, one for unlawful detainer.

---

[1] Because Ms. Brainerd failed to file an opposition to the motion to remand, the Court looks to her notice of removal for guidance on her position.

**United States District Court**
For the Northern District of California

1   To the extent Ms. Brainerd might argue that there is diversity jurisdiction, this argument

2   would also be unavailing.  Even if the Court were to assume complete diversity among the parties,

3   28 U.S.C. § 1332 requires that "the matter in controversy exceed[] the sum or value of $ 75,000." 28

4   U.S.C. § 1332(a).  Ms. Brainerd has not made any showing that the damages sought by Alameda

5   would exceed that amount; in fact, the caption of the complaint expressly states that Alameda seeks

6   damages less than $10,000.  The fact that the property at issue may be worth more than $75,000 is

7   irrelevant.  If Alameda prevails in its action, Defendants' "liability will be measured by the fair

8   rental value of the property for the time [they] unlawfully occupied it."  *Bank United v. Peters*, No.

9   C 11-1756 PJH, 2011 U.S. Dist. LEXIS 54884, at *4 (N.D. Cal. May 23, 2011) (also stating that

10   "the amount in controversy is not the assessed value or the sales value of the property").

11   Finally, even if there were no jurisdictional bar, Ms. Brainerd's removal was not timely

12   effectuated and therefore a remand is appropriate.  Under 28 U.S.C. § 1446, "[t]he notice of removal

13   of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant,

14   through service or otherwise, of a copy of the initial pleading . . . ."  28 U.S.C. § 1446(b)(1).  Here,

15   Alameda has provided evidence that Ms. Brainerd was served with the complaint on June 14, 2012.

16   *See* Hoffman Decl., Ex. 2 (proof of service).  Ms. Brainerd, however, did not file her notice of

17   removal until some three months later.

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

3

**United States District Court**
For the Northern District of California

## II.   <u>CONCLUSION</u>

For the foregoing reasons, the Court grants Ms. Brainerd's application to proceed in forma pauperis but also grants Alameda's motion to remand.  Alameda's motion to shorten the time for a hearing on its motion is moot in light of this order.

This order disposes of Docket Nos. 2, 8, 13, and 18.


IT IS SO ORDERED.


Dated:  October 22, 2012

_____
EDWARD M. CHEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

3925 ALAMEDA PROPERTY LLC.,

        Plaintiff,

  v.

TIMOTHY R. BRAINERD, ET AL. et al,

        Defendant.
_____/

Case Number: CV12-04924 EMC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 22, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lucinda M. Brainerd
7573 Ashford Way
Dublin,  CA 94568

Timothy R. Brainerd
7573 Ashford Way
Dublin,  CA 94568

Dated: October 22, 2012

Richard W. Wieking, Clerk
By: Betty Lee, Deputy Clerk

United States District Court
For the Northern District of California

5